# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

| | |
|---|---|
| KERN RIVER PRODUCE, INC. | ) |
| 220 Chester Avenue | ) |
| Bakersfield, CA  93301 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RINGER & SON BROKERAGE CO., INC. | ) |
| c/o Joshua M. Johnson, Statutory Agent | ) |
| 15565 Edna Drive | ) |
| Brighton, CO  80603 | ) |
| | ) |
| and | ) |
| | ) |
| JOSHUA M. JOHNSON | ) |
| 15565 Edna Drive | ) |
| Brighton, CO  80603 | ) |
| | ) |
| and | ) |
| | ) |
| STEPHANIE R. JOHNSON | ) |
| 15565 Edna Drive | ) |
| Brighton, CO  80603 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff Kern River Produce, Inc. ("Plaintiff" or "Kern River") brings this civil action against Ringer & Son Brokerage Co., Inc. ("Ringer"), Joshua M. Johnson, and Stephanie R. Johnson, individually and in their corporate capacities, (all collectively, "Defendants"), for damages and equitable relief and alleges as follows:

1

## I.  JURISDICTION

1. Federal question jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, specifically 7 U.S.C. §499e(b)(2), §499e(c)(5)(i), and §499g(b). This Court is also vested with ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367(a) over Plaintiff's related state-based claims.

## II.  VENUE

2. Venue is proper in this district pursuant to 7 U.S.C. §499g(b) in that Plaintiff obtained a reparation award from the U.S. Department of Agriculture and is seeking to enforce the agency's Order.

3. Venue is also proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred within this district and in that the Defendants are domiciled in this district.

## III.  PARTIES

4. Plaintiff is a California corporation with its principal place of business in Bakersfield, CA and is engaged in the business of selling wholesale quantities of fresh fruits and vegetables nationwide. At all times relevant herein, Plaintiff held federal produce license number 20070115 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

5. Defendant Ringer is a Colorado corporation with its principal place of business in Brighton, Colorado. Ringer was, at all times relevant herein, acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities in Colorado and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). At all times relevant herein, Ringer held federal produce license number 19761640 from the U.S. Department of Agriculture/PACA Branch in good and active standing.

6.      Individual Defendants Joshua M. Johnson and Stephanie R. Johnson ("Individual Defendants") are or were owners, officers, directors, and/or at least 10% shareholders of Ringer during the relevant time period, making them "responsibly connected" under PACA.  The Individual Defendants are or were persons in control of, and responsible for, the day to day operations of Ringer and the disposition of Ringer's assets, including its PACA trust assets.  The Individual Defendants are charged with a continuing statutory fiduciary duty to Plaintiff to ensure full payment promptly as mandated by PACA.  The Individual Defendants purposefully elected to pay other junior creditors and themselves instead of satisfying Plaintiff's PACA trust claim.

## IV.     CLAIMS FOR RELIEF

## COUNT I

## DEFENDANT RINGER

### (Failure to Maintain PACA Trust)

7.      Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully written herein.

8.      At Ringer's request, Plaintiff sold, on credit and through interstate commerce, wholesale quantities of perishable agricultural commodities to Defendants, as set forth in the following table:

| **Plaintiff** | **Dates of Transactions** | **Commodities** | **Total Amount Sold** | **Amount[1] Unpaid** |
|---|---|---|---|---|
| Kern River Produce, Inc. | August 29, 2019 through Nov. 5, 2019 | Fresh Fruits and Vegetables | $43,495.00 | $43,495.00 |

9.      Plaintiff duly delivered the perishable agricultural commodities to Ringer.

---

[1] Plus accruing interest at 1.50% per month and attorney fees and costs.

3

10. Ringer received and accepted the perishable agricultural commodities from Plaintiff.

11. Pursuant to the payment terms between the parties, Ringer is in default with respect to the principal amount of $43,495.00 outstanding to Plaintiff. *See* Statement of Account attached hereto and incorporated herein as "Exhibit A."

12. Pursuant to the trust provision of PACA, 7 U.S.C. §499e(c)(2), and the Code of Federal Regulations promulgated thereunder, upon receipt of said commodities, a statutory trust arose in favor of Plaintiff as to all commodities received, all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until <u>full payment</u> is made for said commodities by Ringer to Plaintiff.

13. Ringer has failed and refused to pay for the commodities it ordered, received, and accepted from Plaintiff, despite due demand.

14. On each of the outstanding invoices sent by Plaintiff to Ringer, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer that a seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

15. Plaintiff is an unpaid creditor, supplier, and seller of perishable agricultural commodities as those terms are defined under PACA.

16. Upon information or belief, Ringer has dissipated and is continuing to dissipate the *corpus* of the statutory trust which arose in favor of Plaintiff and grew upon each delivery of perishable agricultural commodities.

4

17. The failure of Ringer to hold in trust for the benefit of Plaintiff such perishable agricultural commodities received by it from Plaintiff, and all inventories of food or other products derived from said commodities, and the proceeds from the sale of such commodities until full payment of the sums owing to Plaintiff for said commodities, constitute violations of PACA and PACA Regulations and are unlawful, and, as a direct and proximate result Plaintiff has suffered damages.

## COUNT II

## ALL DEFENDANTS

### (Dissipation of Trust Assets)

18. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

19. Upon information and belief, proceeds obtained from the sale of the perishable agricultural commodities purchased on credit from Plaintiff that were needed to make full payment promptly to trust beneficiaries by PACA, were improperly expended by Ringer and the Individual Defendants for other purposes.

20. On each of the outstanding invoices sent by Plaintiff to Ringer and the Individual Defendants, Plaintiff, as a PACA licensee, placed the exact language statutorily prescribed by PACA to be placed on all invoices by the licensee to notify the buyer(s) that the seller/supplier of perishable agricultural commodities is preserving its rights as a beneficiary to the statutory trust [7 U.S.C. §499e(c)(4)], plus interest and attorney fees.

21. Upon information and belief, Ringer and the Individual Defendants received funds subject to the trust arising under 7 U.S.C. §499e(c), which should have been used to pay the outstanding invoices of Plaintiff but were not.

5

22. As a direct and proximate result of the dissipation of trust assets by Ringer and the Individual Defendants, Plaintiff has suffered damages.

## COUNT III

## DEFENDANT RINGER

### (Failure to Account and Pay for Produce – 7 U.S.C. §499b (Unfair Conduct))

23. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

24. Ringer has failed and refused, without reasonable cause, to account and make full payment promptly of $43,495.00 to Plaintiff, which sum is unpaid and overdue to Plaintiff for the perishable agricultural commodities ordered, received, and accepted from Plaintiff.

25. The failure and refusal of Ringer to account and make said payments to Plaintiff for the commodity sales transactions is a violation of PACA (7 U.S.C. §499b) and PACA Regulations, constitutes Unfair Conduct, is unlawful, and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT IV

## ALL DEFENDANTS

### (Breach of Fiduciary Duty / Non-Dischargeability) (11 U.S.C. §523(a))

26. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

27. Upon information and belief, between August 2019 and November 2019, the Individual Defendants managed, controlled, and directed the credit purchase of perishable agricultural commodities from Plaintiff.

28. Upon information and belief, Ringer and the Individual Defendants received, in the regular course of business, funds subject to the PACA statutory trust which should have been used for the payment of Plaintiff's outstanding invoices but were not.

29. Upon information and belief, Ringer and the Individual Defendants, in breach of their fiduciary obligations arising under PACA, directed the disbursement of trust funds for purposes other than making full and prompt payment to Plaintiff as required by PACA, 7 U.S.C. §499b(4), thereby heightening liability herein to the state of non-dischargeability pursuant to 11 U.S.C. §523(a).

30. Based on the foregoing allegations, Ringer and the Individual Defendants have violated their fiduciary duties as trustees in failing and refusing to make the payments statutorily required to satisfy the priority trust interests of Plaintiff, and, as a direct and proximate result, Plaintiff has suffered damages.

## COUNT V

## DEFENDANT RINGER

### (Breach of Contract for Unpaid Invoices / Action on Account)

31. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

32. Between August 29, 2019 and November 5, 2019, Ringer contracted with Plaintiff to purchase fresh produce on credit.

33. Plaintiff faithfully performed all aspects of the contract with Ringer receiving and accepting all the produce.

34. Plaintiff properly and timely invoiced each sales transaction, and pursuant to the payment terms between the parties, Ringer is in default to Plaintiff on all amounts unpaid and outstanding.

35. Ringer breached the contract by failing and refusing to pay Plaintiff the principal sum of $43,495.00 despite due demand. As a direct and proximate result of non-payment, Plaintiff has suffered damages, including principal, interest and attorney fees.

## COUNT VI

## DEFENDANT RINGER

### (Enforcement of U.S.D.A. Reparation Award [7 U.S.C. §499g(b)]

36. Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

37. Between August 29, 2019 and November 5, 2019, Plaintiff sold to Ringer $43,495.00 worth of produce on credit.

38. Ringer received and accepted the produce, but failed to pay for the produce, despite Plaintiff's repeated demands.

39. Pursuant to 7 U.S.C. §499(f), Plaintiff filed an administrative reparation complaint with the U.S. Department of Agriculture ("USDA") against Ringer.

40. On or about May 15, 2020, the Secretary of the USDA entered an order ("USDA Order") for a reparation award in favor of Plaintiff and against Ringer in the principal amount of $43,495.00 plus interest at the contract rate of 18.00% per annum, plus the $500.00 handling/filing fee Plaintiff paid to file its reparation complaint. A true and correct copy of the USDA Order is attached hereto and incorporated herein as "Exhibit B."

41.     Pursuant to the USDA Order, Ringer was required to pay the full award within 30 days, which it has failed and refused to do, thereby necessitating the filing of the instant enforcement Complaint.

42.     Pursuant to PACA, 7 U.S.C. §499g(b), if the reparation award is not paid within the time specified in the USDA Order, Plaintiff is entitled to file the instant complaint in this U.S. District Court to enforce the USDA Order, plus additional interest, costs, and attorney fees.

43.     Also pursuant to PACA, 7 U.S.C. §499g(b), the findings and orders of the Secretary of Agriculture shall be *prima facie* evidence of Plaintiff's case against Ringer.

44.     Plaintiff seeks entry of an order from this U.S. District Court enforcing the USDA Order in the full principal amount of $43,495.00, plus accrued interest at 18% per annum, plus reimbursement of the USDA $500.00 filing fee, the costs of this lawsuit, and attorney fees, all of which are mandatory damages to be awarded pursuant to federal statute.  [7 U.S.C. §499g(b)]

## COUNT VII

## ALL DEFENDANTS

### (Interest and Attorney Fees)

45.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

46.     Pursuant to PACA, 7 U.S.C. §499e(c), and the Regulations promulgated thereunder, the Defendants were statutorily required to maintain a trust in favor of Plaintiff in order to make full payment to Plaintiff of said amount.

47.     As a result of the failure of the Defendants to maintain the trusts and to make full payment promptly, Plaintiff has been required to pay attorney fees and costs in order to bring this action to compel payment of the trust *res*.

48. As a result of the failure of the Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Plaintiff has lost the use of said money.

49. Plaintiff will not receive full payment as required by PACA, 7 U.S.C. §499e(c), if Plaintiff must expend part of said payment on attorney fees, and litigation costs, and also suffer the lost interest on the outstanding amount owed, all because the violations by the Defendants of their statutory duties to maintain the trust and make full payment promptly.

50. In addition to the above allegations, Plaintiff is contractually entitled to interest and attorney fees pursuant to the language expressly stated on all invoices issued to Ringer as bargained terms and conditions of sale, as between merchants of the same kind.

51. Plaintiff is also statutorily entitled to interest, attorney fees and costs pursuant to 7 U.S.C. §499(g) in enforcing the USDA Order.

**WHEREFORE**, Plaintiff Kern River Produce, Inc. respectfully prays that this Court issue an Order:

    a. granting non-dischargeable judgment in favor of Plaintiff and against Defendants Ringer & Son Brokerage Co., Inc., Joshua M. Johnson and Stephanie R. Johnson, jointly and severally, in the principal amount of $43,495.00, together with pre- and post-judgment interest at the contract rate of 18.00% per annum and the costs of this action as well as the $500.00 handling/filing fee for Plaintiff's USDA reparation complaint against Ringer;

    b. enforcing the USDA Order against Ringer pursuant to 7 U.S.C. §499g(b) and granting Plaintiff its full principal, accrued interest at the contract rate of 18.00%

per annum, USDA handling fees, attorney fees, and costs, all of which are mandatory damages to be awarded in connection with enforcement;

c. declaring and directing all Defendants to establish and/or preserve the trust funds consisting of funds to pay Plaintiff's principal trust claim of $43,495.00 plus interest at the contract rate of 18.00% per annum plus attorney fees;

d. enjoining until entry of the relief herein requested and compliance therewith, all Defendants, their agents, employees, and representatives from in any way, directly and indirectly, interfering, assigning, or otherwise disposing of the above-described trust funds, or any interest therein, in whole or in part, absolutely or as security;

e. declaring and directing all Defendants to assign, transfer, deliver, and turn over to Plaintiff as much of the above-described trust funds as is necessary to fully compensate Plaintiff for the damages it has suffered and continues to suffer; and

f. granting Plaintiff its reasonable costs and expenses, including attorney fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Dated: July 15, 2020                               Respectfully submitted,

*s/ Mark A. Amendola*
MARK A. AMENDOLA
  OH Bar ID No: 0042645
  Admitted to the D. Colorado
MARTYN AND ASSOCIATES
820 W. Superior Avenue, Tenth Floor
Cleveland, Ohio 44113
Telephone: (216) 861-4700
Facsimile: (216) 861-4703
Email: mamendola@martynlawfirm.com

Attorney for Plaintiff Kern River Produce, Inc.